FREDERICK MENGE ET AL., APPELLANTS, v. THE TOWN
OF UNION, RESPONDENT.

Spbmitted March 26, 1923—Decided June 18, 1923.

The power conferred by the amendment of the "Home Rule act,"
passed in 1918, upon the legal voters of a municipality organized
under that act, to fix by vote the salaries of members of the
police department, cannot be exercised oftener than once in
every three years; this being the effect of the proviso contained
in section 3, article 13 of the statute as altered by the amend-
ment.

On appeal from the Hudson County Circuit Court.

For the appellants, *Warren Dixon.*

For the respondent, *J. Emil Walscheid.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs in this case are
members of the police force of the town of Union. They
brought this suit to recover from the town certain moneys
which each of them respectively claims to be due to him on
account of salary, payable for services rendered as such mem-
ber in the year 1921. The fact of non-payment is not dis-
puted, the claim of the town being that the moneys already
paid to the respective claimants was in full satisfaction of
their salaries.

The trial resulted in the direction of a verdict for the
defendant municipality, and the plaintiffs have appealed from
the judgment entered pursuant to this direction.

The town of Union is organized under the provisions of
chapter 152 of the laws of 1917, commonly known as the
Home Rule act. The right of the appellants and the obli-
gation of the respondent depend upon the true construction of
certain provisions of that act. It authorizes the legal voters
of the municipality to fix by vote the salaries to be paid to

members of the police department; and, in the exercise of the power thus conferred, the voters of the town of Union, at the general election held in November, 1918, fixed the salaries of the members of that department at certain specified, varying amounts. These amounts have already been paid to the respective plaintiffs by the town authorities for services rendered during the year 1921. At the general election, held in November, 1920, the voters of the municipality, on a referendum then had, fixed the salaries of the various members of the department at sums in advance of the salaries fixed by the vote of 1918, and the question for determination is whether this latter vote was effective for the purpose for which it was cast.

The claim of the plaintiffs is that the vote cast in 1920 was a valid exercise of the power of the electorate, by reason of the fact that in 1918 (*Pamph. L., p.* 478) the statute was amended by engrafting upon it a new section, which provides that "in case there shall be submitted to the governing body of any municipality a petition signed by twenty per centum of the legal voters of that municipality, requesting that there shall be submitted to them the question of fixing the salary or salaries of any officer or officers, or of the members of any department of the municipality, at the amount or amounts stated in such petition, such governing body shall cause such question to be submitted to the legal voters at the next general election therein, occurring more than thirty days after the receipt of such petition by said governing body," and that the election of 1920 was held in conformity with the provisions of this amendment. This fact is admitted by the municipality; but it contends that the proviso of section 3, article 13 of the original statute, as amended by the enactment of 1918, above referred to, viz., "that the salary to be paid any officer or in any department shall not be voted upon more than once in three years," rendered this latter vote invalid and void. The solution of the present case, therefore, depends upon the determination of the question whether this proviso constituted a limitation upon the power conferred by

the new section added to the statute by the amendment of 1918.

By the proviso of section 3, article 13, as originally enacted, the limitation upon the voting power, with relation to salaries, applied only to municipal officers. *Pamph. L.* 1917, *p.* 350. By the amendment it was extended so as to include not only such officers, but also all persons holding positions in any department of the municipal government who received salaries in.payment for services rendered in performing the duties attached to such positions—that is, the whole class of city officials or employes designated in the new section of that article.

Each of these amendments, upon its enactment, became an integral part of the Home Rule act, and each is to be given full effect. The object of the legislature in engrafting them upon the statute is plain. The purpose of the new section was to make it mandatory upon the governing body to submit requests for the increase of salaries, which were made by at least twenty per cent. of the voters of the municipality, to the legal voters thereof for their approval or disapproval at the then next general election. The purpose of the amendment of the proviso was to limit the broad power apparently contained in this new section by prohibiting the submission of such matters at a general election oftener than once in three years. This legislative intent being clearly exhibited by the enactment of these amendments, it follows that the election of 1920 was without force, null and void. The government of the town of Union is representative. Its governmental powers with relation to the exercise of governmental functions or privileges exist only because of the fact that those powers have been vested in it by the legislature itself. This being so, the people of the municipality cannot assume to exercise powers which the whole people of the state have vested in the legislature unless those powers have been delegated to it by the sovereign.

We conclude, therefore, that the action of the commissioners of the town of Union in refusing to pay the increases in salary provided by the election of 1920 was a legal exercise

of the authority vested in them, and that the judgment under review must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.  13.

*For reversal*—None.